1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEVON D. GRAHAM,

11              Plaintiff,                    No. CIV S-07-2291 LKK GGH P

12        vs.

13   D.L. RUNNELS, et al.,

14              Defendants.              ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 4.60 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

                                            1

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be

2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint must contain more than a "formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

20  "The pleading must contain something more...than...a statement of facts that merely creates a

21  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

23  standard, the court must accept as true the allegations of the complaint in question, Hospital

24  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

26  McKeithen, 395 U.S. 411, 421 (1969).

1         The complaint states a colorable claim for relief against defendants T. Kopec and

2    A. Martin, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

3         The Civil Rights Act under which this action was filed provides as follows:

4         Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the

5         deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at

6         law, suit in equity, or other proper proceeding for redress.

7    42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

8    actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

9    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

10   (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

11   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

12   omits to perform an act which he is legally required to do that causes the deprivation of which

13   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14        Moreover, supervisory personnel are generally not liable under § 1983 for the

15   actions of their employees under a theory of respondeat superior and, therefore, when a named

16   defendant holds a supervisorial position, the causal link between him and the claimed

17   constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

18   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

19   941 (1979). Vague and conclusory allegations concerning the involvement of official personnel

20   in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

21   Cir. 1982). In this complaint for money damages, plaintiff has failed to link the conduct of

22   defendants D.L. Runnels, A. Campa, C. Terhune, M. Wright, Dr. Roche, L.Alexander, R.

23   Domondon to any constitutional deprivation that plaintiff has suffered. These defendants will be

24   dismissed but plaintiff will be granted leave to amend.

25        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

26   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $4.60.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's claims against defendants D.L. Runnels, A. Campa, C. Terhune, M. Wright, Dr. Roche, L.Alexander, R. Domondon for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

1    4. Upon filing an amended complaint or expiration of the time allowed therefor,

2 the court will make further orders for service of process upon some or all of the defendants.

3 DATED:  03/03/08

4                 /s/ Gregory G. Hollows

5                 GREGORY G. HOLLOWS
                  UNITED STATES MAGISTRATE JUDGE

6

7 GGH:009
 grah2291.b1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26