IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVON D. GRAHAM,

      Plaintiff,                            No. CIV S-07-2291 LKK GGH P

   vs.

D.L. RUNNELS, et al.,

      Defendants.                      ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss, filed on October 7, 2008, to which plaintiff filed an opposition, after which defendants filed a reply.  Thereafter, plaintiff filed a further opposition, and although this is not a filing contemplated within the Federal Rules of Civil Procedure or the Local Rules, the court will consider this filing as well.  Although the motion was brought pursuant to Fed. R. Civ. P. 12(b)(6), in reviewing the documents, the undersigned has observed that plaintiff relies on arguments for equitable tolling in opposing this motion and has submitted certain unauthenticated exhibits going to the question of his mental competency, or lack thereof, during periods that may be relevant for this cause of action. Therefore, the motion to dismiss has essentially been converted into one for summary judgment, that is, one brought pursuant to Fed. R. Civ. P. 56.  See Bacon v. City of Los Angeles, 843 F.2d

1

372, 374 (9th Cir. 1988)(where motion to dismiss civil rights action was brought pursuant to Rule 12(b)(6) as barred by the statute of limitations, parties in agreement that "plaintiff's reliance on equitable tolling converted the motion into one for summary judgment").

On August 5, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, as follows:

> Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

See Order, filed on August 5, 2008, pp. 4-5.

\\\\\

1  Because such notice is not provided by the filing of a motion under Rule 12(b)(6), in an abundance of caution, the court will permit plaintiff, within 25 days of the filing of this order, to supplement his opposition to the pending motion with affidavits or further exhibits should he have any.  **There will be no further extension of time**.

Accordingly, IT IS ORDERED that plaintiff, within 25 days of the filing of this order, may submit any affidavits or further exhibits in support of his opposition to the pending motion to dismiss his complaint as barred by the applicable statute of limitations, which has been converted to a motion for summary judgment, due to plaintiff's reliance on equitable tolling as the chief ground of his opposition.  **There will be no extension of time**.

DATED: June 23, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
grah2291.ord