IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVON D. GRAHAM,

Plaintiff, No. CIV S-07-2291 LKK GGH P

vs.

D.L. RUNNELS, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_______________________________/

Introduction

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss, filed on October 7, 2008, to which plaintiff filed an opposition, after which defendants filed a reply. Thereafter, plaintiff filed a further opposition (see footnote 5), and although this is not a filing contemplated within the Federal Rules of Civil Procedure or the Local Rules, the court has reviewed this filing as well. By Order, filed on June 24, 2009, the court gave plaintiff a further opportunity to oppose the motion as it had been converted to one brought pursuant to Rule 56 by plaintiff's reliance on equitable tolling.[1] Plaintiff filed a supplement to his opposition on July 22, 2009.

[1] In the June 24, 2009, Order, the court noted that plaintiff had been previously advised of the requirements for opposing a Rule 56 motion, by Order, filed on August 5, 2008, but

After a careful review of the motion, opposing and reply papers, the undersigned must recommend denial of defendants' motion.

First Amended Complaint

This action, originally filed on October 26, 2007, which the court will construe for purposes of the pending motion, and in accordance with the mailbox rule,[2] as having been filed on September 17, 2007, now proceeds on the first amended complaint, filed on May 21, 2008. The gravamen of plaintiff's action is that defendants Correctional Captain T. Kopec and Correctional Sergeant A. Martin used excessive force in violation of the Eighth Amendment in a cell extraction of plaintiff at High Desert State Prison on December 20, 2001, for which plaintiff seeks compensatory and punitive damages. First Amended Complaint, pp. 1-5.

Motion to Dismiss

Citing Fed. R. Civ. P. 12(b)(6), defendants move for dismissal with prejudice of this action, contending that the complaint is barred by the applicable statute of limitations. Motion to Dismiss (MTD), pp. 1-6; see also, Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988) (dismissal motion pursuant to Rule 12 (b)(6) was "based on plaintiff's failure to bring his action within the period allowed by the applicable statute of limitations.").

> Dismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980)).

TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

---

nevertheless provided, pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998)(en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the notice in full once again.

[2] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009)(holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

Defendants correctly note that, as actions brought under 42 U.S.C. § 1983 do not contain a statute of limitations, the statute of limitations in § 1983 civil rights cases is governed by state law. MTD, p. 4, citing Wilson v. Garcia, 471 U.S. 261, 275, 105 S.Ct. 1938 (1985);[3] McDougal v. County of Imperial, 942 F.2d 668, 672-674 (9th Cir. 1991); see also, Guerrero v. Gates, 442 F.3d 697, 706 n. 32 (9th Cir. 2006); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). Defendants observe that the statute of limitations in California for personal injury actions is two years from the date of accrual, pursuant to Cal. Code Civ. P. § 335.1.[4] MTD, p. 4.

Although the state statute of limitations is borrowed for a federal § 1983 action, "federal, not state law, determines when a civil rights claim accrues," and "under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d at 991, citing Elliott v. Union City, 25 F.3d at 801-802. In this case, the date of accrual is definitively December 20, 2001, the date plaintiff states that defendants extracted him from his cell with alleged excessive force.

\\\\\

[3] Superseded by statute on other grounds as stated in Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369, 124 S. Ct. 1836 (2004).

[4] Defendants have apparently elected to forego application of the more stringent statute of limitations actually applicable at the time this cause of action accrued (in 2001). Although as of January 2003, California amended the statute of limitations for a personal injury action setting forth that a personal injury action must be filed within two years, not one, of the accrual of the cause of action (Cal.Code Civ. Proc. § 335.1), it was not retroactive, except for victims of the September 11, 2001 terrorist actions. Rodriguez v. Superior Court, 108 Cal. App.4th 301, 304 n. 2, 133 Cal. Rptr.2d 294, 296, n. 2 (2003) (citing Stats. 2002, ch. 448, § 1.); Aguilera v. Heiman, 174 Cal.App.4th 590, 597, 95 Cal. Rptr. 3d 18, 24 (Cal.App.2d 2009) (two-year statute that took effect on Jan. 1, 2003, did not operate retroactively to revive litigant's personal injury action for a 1997 injury); Krupnick v. Duke Energy Morro Bay, L.L.C. 115 Cal.App.4th 1026, 9 Cal. Rptr.3d 767 (Cal. App.2d 2004) (new two-year statute of limitations not retroactively applied to litigant filing complaint in January, 2003, for injury occurring in January, 2001); Krusesky v. Baugh, 138 Cal. App.3d 562, 566, 188 Cal. Rptr. 57 (1982) ("a statute is presumed to be prospective only and will not be applied retroactively unless such intention clearly appears in the language of the statute itself"). Thus, it appears defendants could have argued that plaintiff should have filed his original complaint, adding the two years of tolling to the one-year statute of limitations by December 20, 2004, rather than 2005.

Defendants accurately assert that federal courts, in addition to applying the forum state's statute of limitations in this context, also apply the forum state's law regarding tolling when not inconsistent with federal law. MTD, p. 4, citing Hardin v. Straub, 490 U.S. 536, 537-39, 109 S. Ct. 1998, 2000-2001 (1989) (in § 1983 actions, the limitations periods are determined with reference both to "the appropriate 'state statute of limitations and the coordinate tolling rules'" [internal citation omitted]); Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988). Defendants concede that, pursuant to Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998) (per curiam), plaintiff is entitled to tolling under California law which gives prisoners "for a term less than for life," two years of tolling for claims for damages in an action "relating to conditions of confinement, including an action brought ... pursuant to Section 1983 Title 42 of the United States Code." Cal. Code Civ. P. § 352.1(a), (c). MTD, p. 4. Defendants maintain that the statute of limitations ran by December 20, 2005. MTD, p. 5. The court has found that the action was filed on Sept. 17, 2007; thus, on the face of it, it would appear that plaintiff's action is barred by the statute of limitations.

*Equitable Tolling*

Plaintiff does not dispute the applicable two-year statutory limitation period followed by a two-year tolling period (Opp. - Dkt # 16, pp. 4-5, Dkt # 18, p. 2),[5] but instead contends that he was "legally incompetent" with an "insufficient present ability to consult with his lawyer with a reasonable degree of rational understanding as well as factual understanding of the proceedings against him," preventing him from filing his complaint before October 26, 2007.[6] Opp. (Dkt # 18, p. 2). Plaintiff also asserts that he filed an earlier complaint on July 26, 2002, concerning the same October 20, 2001, incident at issue herein, which was dismissed on March

[5] The court will identify plaintiff's two oppositions (or opposition and sur-reply), filed on Nov. 26, 2008 (dkt # 16), and on Jan. 8, 2009 (dkt # 18), respectively, by docket number, and the supplemental filing, on July 22, 2009, will be identified by the abbreviation "Supp."

[6] As noted, the court has afforded plaintiff the benefit of the mailbox rule, finding the complaint filed as of Sept. 17, 2007.

15, 2004.[7] Opp. - Dkt # 16, pp. 3-4, citing his Exhibits A & B, Dkt # 18, p. 2.

Plaintiff's reliance on equitable tolling, as stated above, has converted this motion into one for summary judgment. See Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988). Therefore, the court sets forth the applicable legal standard herewith.

*Legal Standards for Summary Judgment*

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

---

[7] Case No. CIV-S-02-1592 FCD PAN P.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

On both August 5, 2008, and again on June 24, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

*Discussion*

The question on this motion therefore becomes whether plaintiff has raised a triable issue of fact as to whether he meets the requirements for equitable tolling. The tolling rules borrowed from state law in the context of a § 1983 action include equitable tolling. Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002).

> Whether the statute is tolled in section 1983 cases is determined by state law not inconsistent with federal policy. *See* Board of Regents v. Tomanio, 446 U.S. 478, 483-85, 100 S.Ct. 1790, 1794-95, 64 L.Ed.2d 440 (1980). Under California law, the law applicable to this case, three conditions must be met to toll the statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith. *See* Addison v. State, 21 Cal.3d 313, 319, 146 Cal.Rptr. 224, 227, 578 P.2d 941, 943-44 (1978); *see also* Electronic Equip. Express, Inc. v. Donald H. Seiler & Co., 122 Cal.App.3d 834, 847 n. 3, 176 Cal.Rptr. 239, 247 n. 3 (1981) (citing cases applying tolling doctrine).

Bacon v. City of Los Angeles, 843 F.2d at 374; see also, Aguilera v. Heiman, 174 Cal. App.4th 590, 598, 95 Cal. Rptr.3d 18, 25 (Cal.App.2d 2009); Guevara v. Ventura County Community College Dist., 169 Cal. App.4th 167, 173-74, 87 Cal. Rptr.3d 50, 56 (Cal. App.2d 2008).

\\\\\

Defendants note that the doctrine of equitable tolling may prevent the statutory limitation period from running in one forum while a similar claim is being pursued in a different forum. MTD, p. 5, citing Addison v. State of California, 21 Cal.3d at 317, 146 Cal. Rptr. 224 ("courts have adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage."). Defendants, citing Addison, supra, maintain that in California, the pursuit of administrative remedies tolls the statute of limitations even where exhaustion of such remedies is not a prerequisite to bringing suit. MTD, p. 5. Referencing exhibits attached to plaintiff's original complaint, certain claims of which were dismissed and which has been superseded by his first amended complaint, defendants observe that plaintiff filed an administrative appeal on April 4, 2002, which was submitted to the director's level of review, after the April 23, 2002 second level response, after which it was rejected as untimely on June 4, 2002. MTD, p. 5, citing docket # 1, pp. 11-14. Plaintiff also filed a Board of Control claim concerning the incident at issue, which was evidently rejected at a Victim Compensation and Government Claims Board hearing on May 24, 2002. MTD, p. 5, citing dkt # 1, pp. 6-9. This court has found that this complaint was filed as of September 17, 2007. Defendants argue that even affording plaintiff every benefit of equitable tolling this action still violates the statute of limitations as plaintiff's original complaint was filed more than five years beyond his last participation in the administrative grievance process. MTD, p. 5.

As noted, plaintiff claims himself to have been incompetent, noting a criminal proceeding competence standard in the apparently inapposite context of civil litigation he is bringing, while confusingly also asserting that he had brought a prior action on the same claim, dismissed without prejudice, evidently some three and a half years before the filing of this complaint. Defendants construe plaintiff's contention as one wherein he seeks to apply the running of the statute from the date of the earlier case's dismissal. Reply, p. 2. Of course, the

filing of the earlier complaint, dismissed with prejudice, does not assist plaintiff with regard to the timeliness of the instant action. See, e.g., Henry v. Lungren, 164 F.3d 1240 (9th Cir. 1999) (second action does not relate back to first action dismissed without prejudice); Raspberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006) (later action cannot relate back to prior action dismissed without prejudice). That is, it is as if no case had ever been filed for statute of limitations purposes, even if the original petition, or in this case, complaint, was filed timely. Defendants correctly note that a dismissal without prejudice signifies that it is "without prejudice to the filing of a new action on the same allegations" only so long as filed "within the period of the appropriate statute of limitations." Reply, p. 2, quoting Cardiff Equities, Inc. v. Superior Court, 166 Cal. App.4th 1541, 1550, 83 Cal. Rptr.3d 699 (Cal. App. 2d 2008) (internal quotations omitted).[8] Moreover, the fact that plaintiff did make the earlier filing tends to undermine any claim of plaintiff to entitlement to equitable tolling insofar as he was evidently competent enough mentally to file the earlier complaint. On the other hand, while defendants note that plaintiff's earlier complaint was dismissed because plaintiff failed to provide the court with the papers necessary to effect service on defendant Martin ( Reply, Ex. A), evidently to show plaintiff's lack of diligence/failure to prosecute in that case, such a failure could signify, in light of some documents plaintiff has submitted (see below), that plaintiff had become incompetent at some point after the filing of the prior case, No. CIV-S-02-1592 FCD PAN P.

Plaintiff submits copies of minute orders, although unauthenticated, which appear to be genuine and support plaintiff's claim that he was determined to be mentally incompetent, at least as of July 17, 2003, when plaintiff, as defendant, appeared in Los Angeles County Municipal Court, a criminal complaint having been filed against him on May 15, 2003, charging him with some five counts including, inter alia, two counts of robbery. Opp., Dkt # 16, Exh. C,

---

[8] Defendants rely on state law concerning the legal effect of a dismissed without prejudice filing. While the statute of limitations and equitable tolling principles apply state law, the effect of a dismissed federal action on a later filed federal action is governed by federal law.

p. 18. The municipal court's minute order states in part:

> The court finds that the defendant is not presently mentally competent to stand trial within the meaning of Penal Code section 1368 and that he/she is not able to understand the nature of the proceedings taken against him/her and is not able to assist counsel in the conduct of a defense in a rational manner. Criminal proceedings remain adjourned.

Id., at 18-19.

The court also ordered defendant, plaintiff herein, remanded to the custody of the sheriff "to deliver the defendant to the care and custody of the State Department of Mental Health for placement in Patton State Hospital." Id., p. 19. The director of Patton State Hospital was ordered to provide a progress report on plaintiff within 90 days. Id.

On July 26, 2004, at a hearing in the Los Angeles County Superior Court pursuant to Cal. Pen. Code § 1368, an information evidently having been filed against plaintiff on May 19, 2004,[9] charging plaintiff with the five counts of the complaint, the minute order from the superior court reflects the same finding as that set forth above, and plaintiff is again remanded to the sheriff's custody to be delivered to the custody of state mental health department for placement in Patton State Hospital. Opp., Dkt # 16, Exh. C, pp. 15-16. The director of Patton State Hospital was again ordered to provide a report on plaintiff's progress within 90 days. Id., at 16. At the next scheduled event, on Sept. 30, 2004, the superior court minute order indicates that the court had received the progress report, dated Sept. 13, 2004, from Patton State Hospital, and the matter was set for a "further non-appearance progress report on 12-13-04." Id., at 14.

At a hearing on Nov. 15, 2004, defendant was again not present, according to the minute order, but had been returned from Patton State Hospital; the court, however, indicated Patton had not communicated to him the reason for defendant's return. Opp., Dkt # 16, Exh. C, p. 22. The minute order also states: "The defendant has been taken to the hospital after having

[9] The complaint was apparently originally filed on May 15, 2003. Id., at 17-18.

slit his wrists and swallowing the razor." Id. The matter was calendared for Nov. 17, 2004 for further proceedings, and in the minute order the clerk was instructed to contact Patton about defendant's (here, plaintiff's) return and to request "a written explanation, or certification of competency letter." Id. At a pretrial conference hearing on December 29, 2004, plaintiff, as defendant, was present and the defense challenged the certificate of mental competence that had apparently been filed on Nov. 17, 2004; a hearing on the defendant's mental competence was set for Feb. 4, 2005. Opp., Dkt # 16, Exh. C, p. 21. Subsequently, the mental competency hearing, pursuant to Cal. Pen. Code § 1369, scheduled for Feb. 4, 2005, was continued until March 1, 2005. Id., at 20. The court ordered defendant (here, plaintiff) out of county jail for the next court date. Id.

Plaintiff includes no further exhibits in this regard, in either of his oppositions or the supplement, from which the court might infer that plaintiff was found competent, at least as of March 1, 2005. In his supplemental briefing, plaintiff claims that as a mentally ill and A.D.A.[10]-qualified inmate, he has not received adequate assistance in the use of the prison law library, that his mental illness and medications make legal textbooks difficult for him to comprehend, that he has made fruitless efforts to gain the assistance of other inmates or prison library staff. See Supp., pp. 1-8. Plaintiff attaches an exhibit to his supplemental briefing to show he has requested access to his central file so that he can verify his mental incompetence from 2003 to 2005, although he has not yet apparently been able to access it. Supp., Exh. 1. Plaintiff cites (Supp., p. 4), inter alia, Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003), noting that the court therein observed:

> We have already held that a "putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control," so "mental incompetency justifies equitable tolling" of the AEDPA statute of limitations. Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir.1998) (en banc). We have also suggested

[10] Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

> that "[t]he firmly entrenched common law right to competence persisting beyond trial is a strong indicator of a constitutional due process right" to competency in postconviction proceedings or to a stay of proceedings until competence is regained. Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 813 (9th Cir.2003).

Although, of course, a federal habeas petition subject to a federal statute of limitation is not what is at issue here, plaintiff's efforts to show his own mental incompetence as hindering the filing of his civil rights complaint are not inapposite. The exhibits that plaintiff has produced are enough for the court to find that plaintiff has raised a genuine issue of fact as to his entitlement to equitable tolling for the period from July 17, 2003, until at least March 1, 2005.

Defendants make no reference in their reply to any of plaintiff's exhibits demonstrating his lack of competency for a certain period, adhering to a rather strict and formulaic interpretation of what might warrant equitable tolling, limiting it to the instance, again as expressed in Addison, supra, of when a claim is being pursued in one forum before bringing it in another, and maintaining that plaintiff simply pursued successive claims in the same forum. Reply, p. 3. However, a California court has found equitable tolling to be applicable in the context of a personal injury action where a plaintiff's attorney was rendered totally disabled by an unforeseeable accident five days before the running of the statute of limitations, the attorney was a sole practitioner and the client was not notified of either the attorney's disability or the failure of the action to be timely commenced. Lewis v. Superior Court, 175 Cal. App.3d 366, 220 Cal. Rptr. 594 (1985). In other words, the state court has found an implicit tolling exception in the personal injury action context for the circumstances involving impossibility, stating that the "'impossible, impracticable or futile' exception" has been applied "on a case-by-case basis to prevent patently unjust consequences where the failure to comply with the statute is not attributable to fault on the part of the plaintiff or his counsel." Id., at 375 [citations omitted].

\\\\\

\\\\\

\\\\\

Also, under Cal. Cod. Civ. P. § 352(a), the time during which an individual is insane does not count toward the running of the statute of limitations.[11] In Hsu v. Mt. Zion Hospital, 259 Cal.App.2d 562, 574, 66 Cal. Rptr. 659, 665-66 (Cal. App. 1968), the state appellate court found that a litigant's commitment to a state hospital "did not conclusively determine her insanity so as to toll the statute of limitations." Instead, "the commitment raised a rebuttable presumption of insanity, which defendants were entitled to ...controvert with evidence...." before a jury. Id., at 574, 66 Cal. Rptr. at 666. The California Supreme Court has described the practical application of equitable tolling.

> [T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred.

Lantzy v. Centrex Homes, 31 Cal.4th 363, 370-71; 73 P.3d 517, 523 (Cal. 2003).

Thus, whether construed as pursuant to the statute for a mental disability or under a judge-made equitable tolling doctrine, what must be calculated is the period of time during which plaintiff can show he was mentally incompetent and could not file timely, which becomes important to determine when the statute of limitations may have stopped running. If, for example, plaintiff can prove that he was mentally incompetent for two entire years before December 20, 2005, the end of the statutory limitations period as maintained by defendants, then plaintiff's September 17, 2007, filing would be timely. Plaintiff has provided at least prima facie evidence of mental incompetence for the period of time from July 17, 2003, until March 1, 2005, raising a triable issue of fact for a jury to determine whether plaintiff is entitled either to tolling under the applicable statute or to equitable tolling.

---

[11] "If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action." Cal. Code Civ. P. § 352(a).

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss the complaint as barred by the statute of limitations, filed on October 7, 2008 (docket # 13), be denied, and defendants be directed to file an answer within thirty days of adoption of these findings and recommendations, should that occur. Should this matter proceed to trial otherwise, the undersigned recommends that the limitations defense/equitable tolling be tried at that time as well.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/03/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
grah2291.fr