IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVON D. GRAHAM,

    Plaintiff,                    No. CIV S-07-2291 LKK GGH P

   vs.

D.L. RUNNELS, et al.,

    Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on November 24, 2009, the undersigned denied plaintiff's request for an order directing that he be immediately re-united with his legal property. Plaintiff had indicated in a letter to the court clerk, dated November 10, 2009 (and docketed as filed on November 16, 2009), that he had been transferred from California State Prison - Sacramento to Salinas Valley State Prison on October 13, 2009, but had yet to have access to his legal property. Plaintiff was informed by the court that after prison transfers, there is often some period of time that elapses until inmates are reunited with their property, both legal and personal, and that it was likely he would have access to his legal property shortly without court intervention. Nevertheless, plaintiff was told that if he was denied all access beyond 45 days after the filing of the November 24, 2009, Order, he could renew his request for access to his legal property in a motion accompanied

with an affidavit setting forth how he had been denied such access, by whom and for what reason.  No such motion has been forthcoming.

In his pending request, plaintiff states that it took two months for him to receive his legal and personal property after his transfer.  Although plaintiff provides no specific dates, based on his prior filing, this would indicate that he had access to his legal property as of mid-December, 2009 (within the 45-day period the court had specified).  In his current request for an extension of time, plaintiff states that defendants "have failed to cooperate with the discovery," and have failed to produce information which he says he needs but in no way identifies.  Based on this bare representation, plaintiff asks that the response time to written discovery requests be limited to 30, rather than 45, days and that the deadline for discovery be extended until September 5, 2010, which would be an extension of more than 180 days.

Plaintiff's lack of specificity is not conducive to the granting of his request. Moreover, if plaintiff has specific complaints as to the manner of defendants' responsiveness, or lack thereof, to his discovery requests, he should file, or should have filed, a motion to compel discovery, not a request for an extension of time.  Further, the <u>Discovery and Scheduling Order,</u> filed on October 9, 2009, sets March 5, 2010, as the discovery deadline and June 30, 2010, as the pretrial dispositive motion deadline.  Plaintiff simply does not make the requisite showing of good cause for this court to modify the current deadlines.

Accordingly, IT IS ORDERED that plaintiff's request, filed on February 22, 2010 (docket # 28), for a modification of the discovery deadline and for a change in the number of days permitted for a response to written discovery requests is denied.

DATED: March 4, 2010                    /s/ Gregory G. Hollows

                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

GGH:009
grah2291.ord3

2