IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVON D. GRAHAM,

       Plaintiff,                  No. CIV S-07-2291 LKK GGH P

   vs.

D.L. RUNNELS, et al.,

       Defendants.         <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff submits a copy of defendants' responses to his requests for production of documents with the general complaint that defendants have failed to cooperate with plaintiff's discovery requests for relevant documents. Docket # 30, "Amended Motion to Modify Scheduling Order and Extend Discovery Cut-off Date," p. 1. In an <u>Order</u>, filed on March 4, 2010 (Docket # 29), this court denied plaintiff's earlier request for a modification of the discovery deadline and to limit the response time to 30, rather than 45, days because plaintiff failed to make the requisite showing of good cause for this court to modify the current deadlines.

        To the extent that this amended motion is a request to extend the discovery deadline, which, according to the <u>Discovery and Scheduling Order,</u> filed on October 9, 2009 (Docket #24), was March 5, 2010, (with an impending June 30, 2010, pretrial dispositive motion

1

deadline), that request is denied as untimely. To the extent that the amended motion could be construed as a motion to compel further production from defendants in response to plaintiff's requests for production of documents, that motion fails both as untimely and because it lacks the required specificity. It is not enough simply to produce all the responses without identifying which responses/production are at issue. This court's review of the requests and responses indicates that defendants have stated that as to some requests defendants do not have responsive documents within their custody, possession or control. As to other requests, although defendants have interposed objections in their responses, they nevertheless indicate they have attached documents in response. As to still others, defendants state that they will make an internal investigation report and two videotapes relating to the December 20, 2001, cell extraction at issue available for plaintiff's review. The court is unable to discern what is at issue because plaintiff fails to identify which responses he finds deficient or unsatisfactory and the basis for his dissatisfaction. Nor can the court act as counsel for plaintiff and formulate his belated motion for him.

Notwithstanding the above, defendants shall act in conformance with their statements regarding the investigation report and videotapes.

Accordingly, IT IS ORDERED that plaintiff's amended motion, filed on March 17, 2010 (Docket # 30), for a modification of the discovery deadline or construed as a motion to compel, is denied as supplemented above.

DATED: March 25, 2010         /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
grah2291.ord4

2