IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVON D. GRAHAM,

      Plaintiff,                          No. CIV S-07-2291 GGH P

   vs.

D.L. RUNNELS, et al.,

      Defendants.          <u>ORDER</u>

_____/

          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on May 26, 2010, Senior United States District Judge Karlton reassigned this case to the undersigned, United States Magistrate Judge Hollows, due to the consent of the parties,[1] pursuant to 28 U.S.C. § 636(c), and the undersigned accepted "the reference of this case for all further proceedings and entry of final judgment." See Order, filed on May 26, 2010; see also, Local Rule 305. On June 3, 2010 (or by application of the mailbox rule,[2] on May 30, 2010),

---

[1] Plaintiff filed his written consent to the jurisdiction of the undersigned in this case on November 15, 2007. In his consent, plaintiff expressly agreed that he would be consenting to have the magistrate judge hear "all further proceedings in this case, including trial and entry of judgment." Defendants filed their consent much later, on May 12, 2010.

[2] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983

1

plaintiff purported to decline to proceed before the Magistrate Judge, stating only that he understood a Magistrate Judge's "availability" to decide the case but that he declined the jurisdiction of the Magistrate Judge for "deciding dispository [sic] matters." This latter day assertion is directly contrary to the consent plaintiff made, <u>see</u> footnote 1 above, and is ineffectual to withdraw consent.

> Once a civil case is referred to a magistrate judge under 636(c), the reference can be withdrawn by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir.1993). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." <u>Id</u>.

<u>Page v. California</u>, 2008 WL 3976933 * 2 (E.D. Cal. 2008); see also, 28 U.S.C. § 636(c)(4). Far from showing "extraordinary circumstances" for withdrawing the reference, plaintiff has shown no cognizable cause whatever, and the motion, to the extent that it can be construed as one, will be denied.

Accordingly, IT IS ORDERED that plaintiff's June 3, 2010 (docket # 44), filing, construed as a deficient motion to withdraw his consent to the jurisdiction of the United States Magistrate Judge, is denied.

DATED: June 10, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
grah2291.ord6

---

complaints filed by *pro se* prisoners").