IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVON D. GRAHAM,

Plaintiff, No. CIV S-07-2291 LKK GGH P

vs.

D.L. RUNNELS, et al.,

Defendants. ORDER

_________________________________/

Introduction

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) plaintiff's motion to compel, filed on April 12, 2010, to which, pursuant to the court's order, filed on May 13, 2010, defendants filed an opposition on June 9, 2010, after which plaintiff filed a reply on July 6, 2010; and 2) plaintiff's motion to compel, filed on July 6, 2010, to which no response has been forthcoming. The court's review indicates that the second motion to compel is a duplicate of the first except that there are no exhibits attached and the date by plaintiff's signature has been changed. The second motion to compel will be stricken.

First Amended Complaint

This gravamen of this action, now proceeding on the first amended complaint,

filed on May 21, 2008,[1] is that defendants Correctional (Corr.) Captain T. Kopec and Corr. Sergeant A. Martin used excessive force in violation of the Eighth Amendment in a cell extraction of plaintiff at High Desert State Prison (HDSP) on December 20, 2001, for which plaintiff seeks compensatory and punitive damages. First Amended Complaint, pp. 1-5.

First Motion to Compel

Plaintiff by his motion avers that defendants make virtually the same objections to each of his set one requests for production, that they claim not to have documents within their possession, custody or control, that they have failed to provide a privilege log for those documents they claim are privileged, that they are uncooperative in the discovery process and engage in manipulation and gamesmanship. Motion to Compel (MTC), pp. 2-3. Plaintiff does concede that all the documents he seeks are at High Desert State Prison and that "[t]echnically plaintiff should have served a subpoena on said prison." Id. at 3. Plaintiff avers that defendants failed to meet and confer after plaintiff sent a letter request to do so.[2] Id. at 3-4 & Exhibit (Ex.) C. Plaintiff without specifically identifying those requests for production for which he asks the court to compel production or further production asks the court to grant his motion to compel discovery responses and seeks unspecified sanctions. Id. at 4.

In opposition, defendants point out that plaintiff failed to identify the requests that are the subject of his motion and contend that they have produced or provided for inspection all documents withing their possession, custody or control. Opposition (Opp.), pp. 1-2, 4. Further, defendants maintain that plaintiff does not prove that defendants have possession, custody or

---

[1] This action was originally filed on October 26, 2007, or, in accordance with the mailbox rule, on September 17, 2007. Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

[2] Plaintiff is informed that there is no obligation to meet and confer in a prisoner case. See Discovery and Scheduling Order, filed on October 9, 2009 (docket # 24), p. 5, stating that unless otherwise ordered Local Rule 37-251 does not apply. (The rule is currently identified as Local Rule 251).

control of additional responsive documents and that simply because the defendants are represented by the Attorney General's Office does not mean that the defendants, Kopec and Martin, no longer employed at HDSP, have possession, custody or control of CDCR or HDSP documents. Id. at 3-4. Defendants cite Clark v. Vega Wholesale Inc., 181 FRD 470, 472 (D. Nev. 1998) for the principle that a responding party is not in control of records that can only be obtained by another's permission. Id. at 4. Defendants point out that plaintiff concedes that the appropriate discovery tool would have been a subpoena and argue on that basis, too, the motion should be denied.

In reply,[3] plaintiff counters that, as a pro se litigant with access to only a limited law library, he has done his best in identifying the requests at issue. Reply, pp. 1-2. As he has attached the entire set one of the requests for production, the court is left to infer that the responses to all 36 requests are at issue. Plaintiff also contends that although CDCR[4] is not a party, as defendants are CDCR employees represented by the state attorney general's office, they should be able to request the documents sought and have access to them. Id. at 2. In support of this position, plaintiff quotes Soto v. City of Concord, 162 FRD 603, 619 (N.D. Cal. 1995) (citing Buckley v. Vidal, 50 FRD 271, 274 (S.D.N.Y. 1970)): "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document."

Discussion

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable

---

[3] For some reason, just as he has filed a duplicative motion to compel, plaintiff also filed a duplicate of his June 22, 2010 (docket 3 48), reply on July 6, 2010 (docket # 50).

[4] California Department of Corrections and Rehabilitation.

matter." Id. Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery...."; or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2)(C)(I), (ii) and (iii).

The reach of Fed. R. Civ. P. 34, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." Clark v. Vega Wholesale Inc., supra, 181 FRD at 472-473, citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381. Rule 34 does require that the party upon whom a request is served "be in possession, custody, or control of the requested item." Id., at 473, citing Estate of Young v. Holmes, 134 F.R.D. 291, 293 (D. Nev.1991).

In considering this motion to compel, the court is mindful that privileges are narrowly construed, because they impede the full and fair discovery of the truth, Eureka Financial Corp. v. Hartford Acc. and Indemnity Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991), and that the party asserting the privilege has the burden to establish its applicability is an undisputed proposition, see, e.g., United States v. O'Neill, 619 F.2d 222, 227 (3rd Cir. 1980). The Supreme Court has reemphasized that privileges are not favored:

> The common-law principles underlying the recognition of testimonial privileges can be stated simply. "'For more than three centuries it has now been recognized as a fundamental maxim that the public . . . has a right to every man's evidence. When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule.'"

Jaffee v. Redmond, 518 U.S. 1, 9, 116 S. Ct. 1923, 1928 (1996) (citing United States v. Bryan,

339 U.S. 323, 331, 70 S. Ct. 724, 730, 94 L. Ed. 884 (1950) (quoting 8 J. Wigmore, Evidence § 2192, p. 64 (3d ed.1940)).

"To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990); see also Martinez v. City of Stockton, 132 F.R.D. 677 (E.D.Cal. 1990).[5] "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal. 1993).

Plaintiff's failure to specifically identify particular requests as at issue places an undue burden on the court. The court's review indicates that of the 36 requests for production made, although defendants have posited objections throughout in each case, defendants have with respect to requests for production (RFP) nos. 1, 3, 5, 7, 8, 21, 22, 24, 25, 29, 32 either produced some material or promised to make documentation or tapes available for review while stating they have no other responsive documents within their possession, custody or control. (Of those, defendants have claimed that RFP nos. 3, 5, 7, 8, 21, 24, 25 and 29 implicated restricted documents with confidential information). As to RFP no. 30, defendants posited no objection and attached the medical report of injury dated December 20, 2001. With respect to RFP nos. 2, 4, 6, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 23, 26, 27, 28, 33, 34, 35, defendants posit privilege objections with respect to RFP nos. 4, 6, 9-11, 26, as well as form objections, the remainder having form objections, and make no production, averring no possession, custody or control of responsive documents. Regarding RFP no. 31, defendants posit no objections but simply indicate they have no responsive documents; as to RFP no. 12 (seeking names, phone numbers

---

[5] This case has been recognized as overruled only to the extent that it found that the law of the forum state, California, informed federal privilege law. Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997). In actuality, the case has never been expressly or impliedly overruled.

and addresses of anyone who could help plaintiff to locate any individuals who might have been interviewed regarding excessive force complaints against the defendants) and no. 36 (seeking, inter alia, the identification of each person working in Building 8 of Facility D from December 20, 2001 until March 31, 2003), defendants correctly deem these requests to be interrogatories and the motion as to those requests will be denied on that ground alone. In addition, as to RFP no. 36, if deemed a request, it would be denied on the ground that it is overbroad and unduly burdensome, as well as not reasonably calculated to lead to the discovery of admissible evidence.

As to the substance of RFP nos. 1, 3, plaintiff therein seeks all documents, as well as audio and video tapes, for the period from December 20, 1996 to either December 20, 2001 (the date of the incident at issue) or until February 20, 2002, that indicate whether either of the defendants were involved in the use of force, including any copies of CDC[6] forms 837, 837A (incident packages), CDC 128-6 classification chronos, CDC 115 and 115A (rule violation reports), CDC 114-D (administrative segregation & SHU[7] reports); CDC-812 and 812 A notices of criminal case information–safety of persons; CDC7219 medical injury reports; copies of CDC-989 and CDC-989A forms which would indicate whether the Internal Affairs Office had initiated any action or investigation regarding either defendant's use of force. MTC, Exhibit (Ex.) B, pp. 13-15.[8] In RFP no. 4, plaintiff asks for copies of any/all complaints in the warden's citizens's complaint log at HDSP relating to either of the defendants. Id., at 15. In RFP no. 5, plaintiff seeks copies of any audio or video investigatory interview tapes and any transcription of investigative reports in the institution [HDSP] Internal Affairs investigative services unit relating to either defendant. Id. In RFP no. 6, plaintiff asks for copies of all confidential and non-confidential memoranda with the state Inspector General's office relating to the defendants,

---

[6] California Department of Corrections [and Rehabilitation].

[7] Security Housing Unit.

[8] The court's electronic pagination is referenced.

including audio and video investigatory tapes and transcribed documentation. Id., at 16. In RFP no. 7, plaintiff asks for any/all investigative reports along with audio and video interview tapes, relating to defendants on file with the Office of Internal Affairs in the "northern region headquarters Sacramento," including administrative and criminal documentation. Id. Plaintiff asks, in RFP no. 8, for documents and audio/video tapes of interviews of investigative reports on file with the CDC law enforcement liaison unit relating to the defendants from December 20, 1996 to the present; in RFP no. 9, plaintiff asks, for the same period as in no. 8, for copies of documents relating to any adverse action, Skelly hearing notes, and results of any adverse action relating to either defendant. Id., at 17. In RFP no. 10, plaintiff asks for copies of any/all state Personnel Board administrative law judge findings and of state Personnel Executive Board's final decision relating to the defendants for the period of December 20, 1996 to the present. Id. at 18. In RFP no. 11, plaintiff asks for copies of the personnel file of each defendant to the extent not included in his earlier requests. Id., at 18.

Defendants raise objections to the previous requests on the grounds that the requests are overly broad as to time, vague, that they call for irrelevant documents and seek "restricted documents that contain confidential information that, if released, could jeopardize the safety and security of the institution, inmates or staff." See, MTC, Ex. B, pp. 14-18. With respect to most of the requests, without waiving the objections, defendants simply posit that they have no responsive documents within their possession, custody or control. Id. However, in addition to the above responses and without waiving objections, with respect to RFP no. 1, defendants maintain that other than the complaint, all responsive documents in respondent parties' possession, custody, or control are provided in Attachments 1 and 2. Id. at 14. As to RFP nos. 3 and 7, defendants indicate that their counsel will make an internal investigation report available for plaintiff's review. Id., at 15, 17. Also, as to RFP nos. 5 and 8, plaintiff is told that counsel will make an internal investigation report and two videotapes relating to the December 20, 2001 cell extraction available for his review. Id., at 16-17.

The material produced as set forth above includes an April 23, 2002, second level partially granted appeal response with respect to plaintiff's appeal alleging misconduct by defendant Martin in the incident at issue herein, a copy of plaintiff's April 4, 2002, grievance against defendant Martin about the December 20, 2001 cell extraction incident, a copy of the rules violation report charging plaintiff with "delaying a C/O in the performance of his duties" and plaintiff's hearing that occurred on December 20, 2001. MTC, Ex. B, attachment 1, pp. 29-30. As part of the opposition declaration, a CDCR staff services analyst in the litigation coordinator's office at Salinas Valley State Prison (SVSP), where plaintiff is currently housed, attests that in accordance with prison regulations regarding property, SVSP inmates are not allowed to have DVD's in their possession, custody or control. Opp., Declaration of A. Esparza, Docket # 46-1. In another declaration, SVSP Correctional Officer C. Lonero affirms that on April 12, 2010 from 9:55 a.m. until 11.40 a.m., plaintiff reviewed a confidential memorandum and a DVD involving a cell extraction. Opp., Declatation of C. Lonero, Docket # 46-2. Therein C/O Lonero declares that he wrote a general chrono about plaintiff's review of the said memorandum and video recording which he states is attached as Exhibit A. However, there is no such attachment in the court's docket. Nevertheless, the undersigned does not doubt that defendants have produced the material for plaintiff's review that they indicated they would in the responses noted above and, in doing so, their contention that they do not have possession, custody or control of the documents and records sought is belied. There is no indication that the material that has been produced goes beyond anything to do with the specific incident at issue herein. Plaintiff is, nonetheless, as shown above, seeking information as to whether or not the defendants have been named or implicated in other allegations involving use of force.

Defendants have a point that many of plaintiff's request are overbroad; on the other hand, the court is not persuaded that all of the material for which they claim confidentiality should be withheld from plaintiff on that basis and is also unpersuaded that defendants do not have access to certain of the material despite their avowals of not having possession, custody or

control of the potential documents and recordings sought. Defendants' position may be construed as being that any grievance regarding excessive force, other than plaintiff's, lodged against the defendants and any and all investigations or disciplinary proceedings contained within either defendant's personnel file related to use of force are privileged and may not be disclosed. Such a blanket restriction upon access to information that could prove highly relevant to plaintiff herein is not justifiable, although defendants have a legitimate concern about releasing personnel information, particularly into a prison population.

Defendants must produce any records of any other civil rights complaints filed against either or both of them in any court, alleging excessive or unreasonable force. Defendants will also be required to produce any record of a sustained allegation of excessive use of force arising from an inmate complaint or grievance and/or any citizen complaint contained within the personnel file of either or both defendants for the five years preceding the incident at issue until one year thereafter, that is, from December 20, 1996 to December 20, 2002. This would include any record of any disciplinary proceedings or sanctions as a result of finding that either defendant had used excessive force. If there is any record of such grievances, complaints or disciplinary proceedings that exist relating to excessive use of force by these defendants for the six-year period identified above located elsewhere, these records, including any video or audiotapes must be produced as well. Defendants may redact personal data, such as home addresses, telephone numbers and social security numbers. In addition, should any information, as described above, exist, defendants may submit a proposed protective order and may seek to limit plaintiff's access to the material to his review for a reasonable period, during which plaintiff will be allowed to take notes.

As to RFP no. 13, wherein plaintiff seeks standard psychological or psychiatric records of the defendants, the court agrees with defendants' objections that the request is both overbroad and not reasonably calculated to lead to the discovery of admissible evidence and the motion as to that request will be denied. MTC, Ex. B, p. 13. The same applies to RFP no. 14

wherein plaintiff asks for copies of the HDSP watch commander's log for the period of December 20, 1996, to the present. Id. As to RFP no. 15, defendants will be required to produce the HDSP correctional operational manual in effect at HDSP but only from the date of the incident, December 20, 2001, to the present, and as to RFP. no. 16, any HDSP manuals for officers for that period relating to the handling of inmates housed in the Ad Seg unit. Id. at 20. Plaintiff's RFP no. 17, seeking the log book of the Facility D8, Building 8 Ad Seg unit for the period of December 20, 1996 to the present will be denied as overbroad and not reasonably calculated to lead to discovery of admissible evidence as defendants assert. Id. Plaintiff's requests at RFP nos. 18 and 19, for the training records and performance evaluations of each defendant will be denied for the same reason. Id. at 20-21.

In RFP no. 20, plaintiff asks for all documents wherein the defendants were alleged to have been victims of assault or battery, from December 20, 1996 through the present, which request will be denied as both overbroad and not reasonably calculated to lead to the discovery of admissible evidence, as defendants aver. MTC, Ex. B, p. 21. As to RFP no. 21, wherein plaintiff is seeking all documents and recordings relating to claims of excessive force or other misconduct against the defendants while employed at CDCR, from December 20, 1996 to the present, that request is denied as moot in light of the court's ruling above, as is RFP no. 22, wherein plaintiff asks for any records of court civil proceedings against the defendants alleging excessive force; the same applies to plaintiff's requests for citizen complaints against the defendants (RFP. No. 23). Id. at 21-22. As to RFP no. 24, seeking documents involving use of force where either defendant was present or recorded a report from December 20, 1996 to the present, defendants, despite objections, have apparently produced an internal investigation report and two videotapes relating to the cell extraction at issue, as well as other documents related to the same incident (discussed above). Id. at 22. To the extent that either defendant was himself alleged to have used excessive force as to any other incident, the court has required its production in part. To the extent there is any documentation wherein these parties are alleged to have done

nothing while excessive force was used in their presence in any other incident, the request, as herein modified, will be granted, for the period of time from December 20, 1996 until December 20, 2002. As to RFP no. 25, defendants have averred that a videotape sought as to the December 20, 2001 cell extraction is to be made (or has been made) available and no further production could be granted. Id. at 22-23. As to RFP no. 26, plaintiff seeks "use of force critique documents referencing any of defendants for High Desert State Prison from December 20, 1996." Id. at 23. After positing objections, defendants, without waiving them state, "responding parties have no responsive documents, *not deemed confidential*, in their possession, custody, or control." Id. [Emphasis added.] To the extent that any such documents are not already covered by the court's ruling with regard to what must be produced to defendant, his motion as to this request will be granted.[9]

Plaintiff's request (RFP no. 27) for all HDSP "use of force logs" from December 20, 1996 to the present will be denied as overbroad and unduly burdensome. Id. Plaintiff's request for all documents pertaining to any disciplinary action against the defendants based on allegations of excessive force and other misconduct from December 20, 1996 to the present (RFP no. 28) will be denied as moot in light of the court's ruling herein. Id. As to RFP no. 29, wherein plaintiff asks for all documents relating to plaintiff's allegations herein, it appears, despite positing objections, that defendants have produced all the documentation responsive to that request and the motion as to that request will be denied; this applies as well to plaintiff's request for documents relating to plaintiff's medical evaluation and treatment related to the subject incident (RFP no. 30). Id. at 24. Defendants posit no objections but simply aver that they have no responsive documents in their possession, custody or control regarding plaintiff's request for documents showing the physical layout of HDSP Facility D Building 8's Ad Seg Unit (RFP no. 31). Id. The court will not require a further response as to this request. With respect to RFP

[9] No effort has been made to substantiate their conclusion "confidential," and defendants are not the final arbiters of what may be privileged.

32, it appears that defendants have produced, or promised to produce, whatever video they have of plaintiff with regard to the investigation of the incident at issue. Id. at 25. If there are any photographs or other video taken of the plaintiff related to the incident, defendants will be required to produce them. Plaintiff's motion as to his requests for all documents from the CDC[R] training service section or other instrument relating to the duties of a correctional officer, and the correctional employees' component program for December 20, 1996 through the present (RFP nos, 33 and 34) will be denied as overbroad and not reasonably calculated to lead to the discovery of admissible evidence, as defendants assert. Id. In addition, the court finds the request unduly burdensome. Plaintiff's motion as to RFP no. 35, wherein plaintiff asks for all policies, directives, etc., in effect regarding use of force at HDSP from December 20, 1996, is granted only to the extent not covered by the court's other rulings herein and only for the period from December 20, 1996 to December 20, 2002.

Accordingly, IT IS ORDERED that:

1. Plaintiff's first motion to compel further responses/production to his set one of requests for production, filed on April 12, 2010 (docket # 36), is granted in part and denied in part, as follows:

a) GRANTED as to RFP nos. 1 through 11, 15, 16, 24, 26, 32 and 35, *but only as modified above*;

b) DENIED as to RFP nos. 12 through 14, 17 through 23, 25, 27 through 31, 33, 34 and 36.

2. As to those requests for production for which plaintiff's motion has been granted, defendants will have twenty-one days to submit a proposed protective order for any supplemental responses and additional production that must be served; after which defendants will have an additional twenty-one days to serve their supplemental responses/production and to file proof of service thereof in this court;

\\\\\

3. Plaintiff's second motion to compel, filed on July 6, 2010 (docket # 51), is stricken from the docket of this case as duplicative of the first motion to compel and otherwise defective.

DATED: 09/29/10

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
grah2291.mtc