IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVON D. GRAHAM,

        Plaintiff,                      No. CIV S-07-2291 GGH P

   vs.

D.L. RUNNELS, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  By Order, filed on June 10, 2010, plaintiff's request to withdraw his consent to the jurisdiction of the undersigned was found to be deficient and was denied.  Plaintiff's subsequent "objection" to the order, construed as a request for reconsideration, again lacks the requisite "extraordinary circumstances" to warrant this court's permitting withdrawal of plaintiff's consent.

        *Standards For Motions To Reconsider*

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or

1

different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In the instant action, plaintiff was previously informed:

> Once a civil case is referred to a magistrate judge under 636(c), the reference can be withdrawn by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir.1993). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." Id.

Order, filed on June 10, 2010, p. 2, quoting Page v. California, 2008 WL 3976933 * 2 (E.D. Cal. 2008); see also, 28 U.S.C. § 636(c)(4). Plaintiff was admonished that far from showing "extraordinary circumstances" for withdrawing the reference, he had shown no cognizable cause whatever and the motion, to the extent that it could be construed as one, was denied.

Within his pending one-page "objection," plaintiff asserts that his initial consent was not informed, claiming, as a pro se litigant, unfamiliarity with the federal judicial process

1  and an inability to determine the advantages and disadvantages of having a magistrate judge hear
2  dispositive matters.  See Objection, p. 1.  Plaintiff's belated claim of ignorance simply does not
3  constitute extraordinary circumstances.

4        Although "[t]he right to adjudication before an Article III judge is an important
5  constitutional right.... this right, like other fundamental rights, can be waived" pursuant to the
6  consent of the parties under 28 U.S.C. § 636(c).  United States v. Neville, 985 F.2d 992, 999 (9th
7  Cir.1993) (citations omitted); Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir.1993).  "There is no
8  absolute right to withdraw consent once granted."  Neville, supra, 985 F.2d at 999; Dixon, supra,
9  990 F.2d at 479-80.  That a court may vacate a reference for good cause on its own motion or by
10 a party's showing of extraordinary circumstances are requirements that are "strictly construed."
11 Montano v. Solomon, 2010 WL 2403389 *1-2 (E.D. Cal. 2010), citing Brook, Weiner, Sered,
12 Kreger & Weinberg v. Coreq, Inc., 53 F.3d 851, 852 (7th Cir.1995) (party's legal successor
13 bound by party's consent to jurisdiction of magistrate judge).

> Pertinent factors in the court's consideration of a request to
> withdraw consent to the jurisdiction of the magistrate judge are the
> timeliness of the request, whether granting the request would
> unduly interfere with or delay the proceedings, particularly relative
> to the burdens and costs to the litigants, and whether the party's
> consent was voluntary and uncoerced.  Neville, 985 F.2d at 1000,
> citing, inter alia, Carter v. Sea Land Services, Inc., 816 F.2d 1018,
> 1021 (5th Cir.1987) (which considered "inconvenience to the court
> and witnesses, prejudice to the parties, whether the movant is
> acting pro se, whether the motion is made in good faith, and
> whether the interests of justice would be served by holding a party
> to his consent").

21 Montano v. Solomon, 2010 WL 2403389 *2.

22       This court finds that, although plaintiff is proceeding without counsel, his consent
23 early on in the case to the jurisdiction of the undersigned was made knowingly and certainly was
24 in no way coerced, that the case has proceeded expeditiously since the defendants recently
25 provided their consent and with the resulting reference of the case to the magistrate judge.  Thus,
26 requiring plaintiff's adherence to his consent is reasonable and serves the interests of justice.  A

1  party's disagreement with a reasonable court ruling constitutes neither good cause nor
2  extraordinary circumstance for withdrawing consent to the jurisdiction of the magistrate judge.
3        Plaintiff has not presented evidence of "extraordinary circumstances," and the
4  court does not find good cause at this time to vacate the reference to a magistrate judge. Based
5  on the record in this action, plaintiff's case has not been substantially delayed. Moreover, the
6  assignment of a district judge to this action may not accomplish plaintiff's objective in bringing
7  the instant motion; such assignment does not remove the role of the magistrate judge in
8  non-dispositive matters.  Plaintiff, therefore, has not made a showing entitling him to withdraw
9  his consent or to be granted a district judge assignment. Plaintiff's request that a district judge
10 review his objection is also denied. Docket # 49.
11       Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's
12 order of June 10, 2010 (docket # 47) is affirmed.

13 DATED: October 5, 2010               /s/ Gregory G. Hollows

14                                      GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE
15

16 GGH:009
   grah2291.ord7
17