KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID A. CARRASCO, State Bar No. 160460
Supervising Deputy Attorney General
JAIME M. GANSON, State Bar No. 230206
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-6421
 Fax: (916) 324-5205
 E-mail: Jaime.Ganson@doj.ca.gov
*Attorneys for Defendants*
*Kopec and Martin*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LEVON GRAHAM,<br><br>             Plaintiff,<br><br>      v.<br><br>D. L. RUNNELS, ET AL.,<br><br>             Defendants. | 2:07-cv-2291 LKK GGH P<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**The Parties Stipulate as Follows:**

**A. Confidential material subject to this Protective Order.**

In response to Plaintiff's document requests 5, 8, 21, 24, 25, and 23, Defendants produced a document titled "High Desert State Prison Institutional Head Use of Force Critique and Qualitative Evaluation Analysis Final Review" ("the Confidential Material"). The California Department of Corrections and Rehabilitation ("CDCR") deems this document confidential and does not permit individuals who are incarcerated, as the Plaintiff, to retain a copy of the Confidential Material based on institutional safety and security grounds. Thus, it was produced for his inspection only. Plaintiff has since obtained counsel. The Parties stipulate that the

1

Confidential Material shall be disclosed to Plaintiff's counsel, subject to the following protective order.

  Defendants represent that:

   1.  The Confidential Material was prepared on the basis of, among other things, statements correctional officers made with the understanding that the information would remain confidential;

   2.  The disclosure of the document without a protective order would undermine CDCR's ability to assure its employees and inmate that their statements will be maintained in confidence;

   3.  The likely result of unprotected disclosure would be that CDCR employees and inmates, whether subjects of investigations or witnesses to incidents being investigated, will be unwilling or less willing to cooperate with investigators; and

   4.  The Confidential Material is protected by the Deliberative Process Privilege as it contains pre-decisional, deliberative information prepared to assist the agency decision-maker in evaluating the force used.

  Accordingly, Defendants believe a protective order is warranted.  Based upon these representations, but in no way admitting their truth, Plaintiff Graham is willing to stipulate to a protective order.

**B.  Conditions for release of confidential material.**

  Because of its relevance to this action, counsel for Defendants will produce the Confidential Material, subject to this protective order, on the following conditions:

   1.  Before producing the Confidential Material to Plaintiff, Defendants shall conspicuously mark the Confidential Material:  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

   2.  The Confidential Material may be disclosed only to the following persons:

    a.  Plaintiff Levon Graham, provided that Plaintiff may not retain possession of any of the Confidential Material, and shall be informed and agree to be bound by the terms of this order;

2

      b.    Plaintiff's attorneys;

      c.    Experts engaged in connection with this litigation;

      d.    Defendants Martin and Kopec, and their attorneys; and

      e.    Court personnel and stenographic reporters engaged in proceedings incidental to the preparation for the trial in this action;

3. The Confidential Material shall not be disclosed to any incarcerated individual, other than Plaintiff Graham, whether or not a witness in this action, for any reason.

4. The Confidential Material shall not be disclosed except as is necessary in connection with this litigation, including appeals, and not for any other purpose, including any other litigation.

5. To the extent the Confidential Material is filed with the Court, it will be filed and maintained under seal.

6. Upon request from Defendants, Plaintiff and his counsel shall destroy all copies of the Confidential Material—or return them to the attorney for Defendants Martin and Kopec within 5 days of the time it is no longer needed for purposes of this litigation.

Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to the Confidential Material in the normal course of their official duties.

The provisions of this protective order are without prejudice to the right of any party: (1) to apply to the Court for a further protective order relating to the Confidential Material or any other confidential material relating to discovery in this litigation; (2) to apply to the Court for an

/ / /

/ / /

order removing the Confidential Material designation as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; (3) to object to a discovery request.

The provisions of this order shall remain in full force and effect until further order of this Court.

So stipulated.


*/s/ Brian Berry*
Brian Berry, Counsel for Plaintiff


*/s/ Jaime Ganson*
Jaime Ganson, Counsel for Defendants
Martin and Kopec

The confidential material will not be automatically filed under seal, notwithstanding the previous stipulation herein to do so.  Filings under seal may only be done pursuant to the Local Rules and pursuant to the applicable substantive standards for filing under seal..

So Ordered.


Dated:  May 9, 2011                    /s/ Gregory G. Hollows
                                       _____
                                       The Honorable Gregory G. Hollows

Grah2291.po

4