IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVON D. GRAHAM,

    Plaintiff,                      No. CIV S-07-2291 GGH P

    vs.

D.L. RUNNELS, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Defendants Kopec and Martin filed, on March 29, 2012, a notice of motion/request to seal, in essence, their entire pending motion for summary judgment, i.e., (1) the memorandum of points and authorities; (2) the statement of undisputed facts; and (3) index of evidence and attached evidence. Notice of Request to Seal Documents (docket # 96), citing Local Rule 141(b). The notice also indicates that all documents for which sealing is being requested are to be served upon plaintiff's counsel (eyes only) on the date the notice was filed, and thus no prejudice to plaintiff will result. Sealing Request, Docket # 96, p. 3. Defendants note the prior protective order with regard to discovery, that was filed on (docket # 74), and contend that, for the same reason, the documents in support of defendants' motion for summary judgment should be sealed, i.e., because the "documents contain sensitive information pertaining to forcible cell extractions and the munitions used by the California Department of Corrections and Rehabilitation," the public disclosure of which would pose a danger to "the safety of officers

and compromise the effectiveness of their response." Sealing Request, Docket # 96, p. 3. Defendants also argue that this court has recognized the security risk by having appointed counsel for the incarcerated plaintiff, as well as having issued the protective order.

Where a party seeks to seal judicial records pertaining to a dispositive motion from public scrutiny, a "compelling reasons" standard applies.[1] Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-78 (9th Cir. 2010). "Consequently, [the moving party] must overcome a strong presumption of access by showing that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." Id. at 679, (quoting Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006)) (internal quotation marks and citations omitted). The court is tasked with weighing factors such as the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995) (citing E.E.O.C. v. Erection Co., 900 F.2d 168, 170 (9th Cir.1990)). Examples of compelling reasons include the necessity to keep personal information protected from exposure to harm or identity theft and to protect an individual's important privacy interest. Kamakana, 447 F.3d at 1184. If the witness may be susceptible to retaliation or harassment based on disclosure of his or her private information, protection is warranted. Nursing Home Pension Fund v. Oracle Corp., 2007 WL 3232267, *2 (N.D. Cal. 2007).

In addition, in the protective order referenced by defendants, the parties were expressly informed that any party seeking a sealing order must show good cause for such an order in connection with a non-dispositive event, and if, as in the instant one, sealing is sought in connection with a dispositive event, *compelling reasons* must be demonstrated. See docket # 74, p. 3 [emphasis added]. That strict standard has not been met by the present overbroad request to

---

[1] The compelling reasons standard applies even to dispositive matters that were previously filed under seal. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).

seal the entire submission wholesale, notwithstanding plaintiff's counsel's apparent decision not to oppose the motion (see Local Rule 141(c)).  The undersigned is unwilling to issue a blanket sealing order for all documents in support of defendants' motion for summary judgment because to do so defies both the letter and spirit of the Ninth Circuit's ruling in Pintos.  605 F.3d at 677-79.

While defendants have submitted the unredacted documents for the court's review, the court will now require defendants, within fourteen days, to submit for in camera review by this court a proposed redacted version of the documents.  The proposed redacted version for filing should be focused and tailored to preclude from disclosure only those portions of the summary judgment motion and supporting documents that legitimately implicate significant institutional security concerns.  This requirement does not impact the deadlines for filing any opposition or reply to the pending summary judgment motion.  In filing an opposition, plaintiff's counsel shall exercise due regard for institutional security concerns, and, if necessary, attempt to work out a stipulation to file an unredacted opposition under seal, and a publicly filed redacted version, if necessary.  Again, the parties are to exercise due care not to request over-sealing in an abundance of caution, or desire for logistical ease, in order to protect the public's right to access court documents.

The court contemplates filing the unredacted motion/opposition under seal with a public filing of the redacted motion/opposition.

IT IS SO ORDERED.

DATED: April 09, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
grah2291.ord