IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVON D. GRAHAM,

          Plaintiff,                No. CIV S-07-2291 GGH P

     vs.

D.L. RUNNELS, et al.,

          Defendants.         <u>ORDER</u>

_____/

       Defendants Kopec and Martin filed, on March 29, 2012, a notice of motion/request to seal, in essence, their entire pending motion for summary judgment, i.e., (1) the memorandum of points and authorities; (2) the statement of undisputed facts; and (3) index of evidence and attached evidence.  Notice of Request to Seal Documents (docket # 96), citing Local Rule 141(b).  The notice also indicates that all documents for which sealing is being requested are to be served upon plaintiff's counsel (eyes only) on the date the notice was filed, and thus no prejudice to plaintiff will result.  Sealing Request, Docket # 96, p. 3.  Defendants note the prior protective order with regard to discovery, that was filed on (docket # 74), and contend that, for the same reason, the documents in support of defendants' motion for summary judgment should be sealed, i.e., because the "documents contain sensitive information pertaining to forcible cell extractions and the munitions used by the California Department of Corrections and Rehabilitation," the public disclosure of which would pose a danger to "the safety of officers

1   and compromise the effectiveness of their response."   Sealing Request, Docket # 96, p. 3.

2   Defendants also argue that this court has recognized the security risk by having appointed

3   counsel for the incarcerated plaintiff, as well as having issued the protective order.

4         Where a party seeks to seal judicial records pertaining to a dispositive motion

5   from public scrutiny, a "compelling reasons" standard applies.[1]   Pintos v. Pacific Creditors

6   Ass'n., 605 F.3d 665, 677-78 (9th Cir. 2010).   "Consequently, [the moving party] must overcome

7   a strong presumption of access by showing that "compelling reasons supported by specific

8   factual findings ... outweigh the general history of access and the public policies favoring

9   disclosure."   Id. at 679, (quoting Kamakana v. City & County of Honolulu, 447 F.3d 1172,

10  1178-79 (9th Cir. 2006)) (internal quotation marks and citations omitted).   The court is tasked

11  with weighing factors such as the "public interest in understanding the judicial process and

12  whether disclosure of the material could result in improper use of the material for scandalous or

13  libelous purposes or infringement upon trade secrets."   Hagestad v. Tragesser, 49 F.3d 1430,

14  1434 (9th Cir.1995) (citing E.E.O.C. v. Erection Co., 900 F.2d 168, 170 (9th Cir.1990)).

15  Examples of compelling reasons include the necessity to keep personal information protected

16  from exposure to harm or identity theft and to protect an individual's important privacy interest.

17  Kamakana, 447 F.3d at 1184.   If the witness may be susceptible to retaliation or harassment

18  based on disclosure of his or her private information, protection is warranted.   Nursing Home

19  Pension Fund v. Oracle Corp., 2007 WL 3232267, *2 (N.D. Cal. 2007).

20        In addition, in the protective order referenced by defendants, the parties were

21  expressly informed that any party seeking a sealing order must show good cause for such an

22  order in connection with a non-dispositive event, and if, as in the instant one, sealing is sought in

23  connection with a dispositive event, *compelling reasons* must be demonstrated.   See docket # 74,

24  p. 3 [emphasis added].   That strict standard has not been met by the present overbroad request to

25

26     [1] The compelling reasons standard applies even to dispositive matters that were previously
    filed under seal.   Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).

1   seal the entire submission wholesale, notwithstanding plaintiff's counsel's apparent decision not

2   to oppose the motion (see Local Rule 141(c)).  The undersigned is unwilling to issue a blanket

3   sealing order for all documents in support of defendants' motion for summary judgment because

4   to do so defies both the letter and spirit of the Ninth Circuit's ruling in Pintos.  605 F.3d at  677-

5   79.

6           While defendants have submitted the unredacted documents for the court's

7   review, the court will now require defendants, within fourteen days, to submit for in camera

8   review by this court a proposed redacted version of the documents.  The proposed redacted

9   version for filing should be focused and tailored to preclude from disclosure only those portions

10  of the summary judgment motion and supporting documents that legitimately implicate

11  significant institutional security concerns.  This requirement does not impact the deadlines for

12  filing any opposition or reply to the pending summary judgment motion.  In filing an opposition,

13  plaintiff's counsel shall exercise due regard for institutional security concerns, and, if necessary,

14  attempt to work out a stipulation to file an unredacted opposition under seal, and a publicly filed

15  redacted version, if necessary.  Again, the parties are to exercise due care not to request over-

16  sealing in an abundance of caution, or desire for logistical ease, in order to protect the public's

17  right to access court documents.

18          The court contemplates filing the unredacted motion/opposition under seal with a

19  public filing of the redacted motion/opposition.

20          IT IS SO ORDERED.

21  DATED: April 09, 2012

22                                  /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

23

GGH:009
24  grah2291.ord

25

26

                                            3